### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| THOMAS BECHER<br>2012 Regency Parkway Drive,<br>Topeka, Kansas 66604 | )<br>)<br>)<br>) | |
| *Plaintiff*, | )<br>) | Demand for Jury Trial |
| v. | )<br>) | |
| UNITED HEALTHCARE SERVICES, INC.,<br>**Serve:  The Corporation Company, Inc.**<br>**112 SW 7th St., Ste. 3C**<br>**Topeka, KS 66603** | )<br>)<br>)<br>)<br>) | Case No. |
| and | )<br>) | COMPLAINT – CLASS ACTION |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br>**Serve:  Margaret Mary Foran**<br>**100 Mulberry St.**<br>**7th Floor**<br>**Newark, NJ 07102** | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| AARP,<br>**Serve:  The Corporation Company, Inc.**<br>**112 SW 7th St., Ste. 3C**<br>**Topeka, KS 66603** | )<br>)<br>)<br>) | |
| *Defendants.* | | |

### **COMPLAINT**

This is a class action brought by plaintiff Thomas Becher individually and on behalf of a class of persons who are similarly situated as hereinafter described who were denied coverage under an insurance policy sold and/or administered by the defendants.

**I.     PARTIES**

1. Plaintiff Thomas Becher is and was at all times mentioned herein a citizen and resident of the State of Kansas.

2. Plaintiff is 87 years old and a decorated veteran.

3. Defendant United Healthcare Services, Inc. ("United") is an insurance company incorporated in and having its principal place of business in State of Minnesota, and which does business in the State of Kansas.

4. At all times mentioned herein, United was acting by and through its agents, whether actual, apparent, or inherent, including AARP, all of which were acting in the course and scope of their agency.

5. Defendant The Prudential Insurance Company of America ("Prudential") is an insurance company incorporated in and having its principal place of business in State of New Jersey, and which does business in the State of Kansas.

6. At all times mentioned herein, Prudential was acting by and through its agents, whether actual, apparent, or inherent, including AARP, all of which were acting in the course and scope of their agency.

7. Defendant AARP, Inc. ("AARP"), formerly known as the American Association of Retired Person,. is an organization incorporated in and having its principal place of business in Washington, D.C., and which does business in the State of Kansas.

8. At all times mentioned herein, AARP was acting by and through its agents, whether actual, apparent, or inherent, including United and Prudential, all of which were acting in the course and scope of their agency.

## II.     JURISDICTION AND VENUE

9. Jurisdiction over this class action is proper here pursuant 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5,000,000, and at least one member of the class is a citizen of a state different from at least one defendant.

10. Venue is proper pursuant 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred here, including the purchase of the insurance policy and the wrongful denial of coverage.

## III.    GENERAL FACTUAL ALLEGATIONS

11. On or before April 1, 1993, plaintiff and his wife, Jerri Becher, met with an agent of AARP and purchased an insurance policy, denominated "Plan B8,"

12. Plan B8 policies provides fixed daily benefits for specified Hospital Stays, Intensive Care Unit Stays, and Outpatient Hospital Care (collectively, "covered events"), as defined in the policy.

13. The Plan B8 policy was issued to plaintiff's wife on April 1, 1993.

14. A copy of that Plan B8 policy is attached as Exhibit A.

15. At that time, Plan B8 policies, including the one sold to plaintiffs, were underwritten and administered by Prudential.

16. On information and belief, sometime in the mid to late 1990's, United began underwriting and administrating Plan B8 policies, including the one sold to plaintiffs.

17. Plan B8 policies provide coverage to those individuals who meet its definition, to wit:

### WHO IS COVERED

The person or persons (the member and the spouse of the member) named above are covered from the Effective Date shown if the required premium contribution has been paid when due. The term **you** refers individually to each person named.

18. During the period from April 1993 to approximately October 2004, plaintiff and his wife paid a monthly premium of $36.25 in exchange for the coverage provided by the Plan B8.

19. During the period from November 2004 to January 2016, plaintiff and his wife have paid a monthly premium of $34.25 in exchange for the coverage provided by the Plan B8.

20. During the period from April 1993 to January 2016, plaintiff and his wife paid over $9,500.00 in premium payments in exchange for the coverage provided by the Plan B8.

21. On January 20, 2016, plaintiff was confined in a hospital as an inpatient and released on January 21, 2016.

22. Thereafter, plaintiff filed a claim with United, the claims administrator, requesting $69.00 as indemnification for the hospital stay.

23. On or about March 21, 2016, United denied Mr. Becher's claim, arguing that because only plaintiff's wife's name appeared on the face of the Certificate of Insurance, the Plan B8 did not provide coverage for plaintiff.

### CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and on behalf of a class pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.

### A. The Class

25. The class consists of all similarly situated individuals who meet the class definition, to wit:

> Each individual whose spouse was issued a Plan B8 policy and who, within the ten years prior to the commencement of this suit ("Class Period"), experienced a covered event but was denied coverage under the Plan B8 policy by defendants, or any one of them, because the Plan B8 policy was not issued to that individual.

26. Excluded from the class are those persons who have lawsuits pending against, or who have settled their claims against the defendants, or any one of them, for the same or similar claims as set forth herein, members of the court or their staff, defendants' agents, employees, officers and directors, or the immediate family of any person excluded.

### B. Impracticability of Joinder – FRCP 23(a)(1)

27. The class consists of at least 40, if not thousands of members so that the joinder of all its members is impracticable.

28. The disposition the claims of plaintiff and the class in a class action will provide substantial benefits to the parties and the Court by promoting the orderly and expeditious administration and adjudication of their claims, foster economies of time, effort, and resources, and ensure uniformity of decisions.

29. The class is ascertainable because it consists of a readily defined group of individuals whose identities and addresses of whom are known or knowable from defendants' business records.

30. There is a defined community of interest in the questions of law and fact at issue because each class member was similarly harmed by defendants' uniform conduct.

5

### C. Commonality – FRCP 23(a)(2)

31. This case arises from defendants' uniform failure to administer the Plan B8 policies and pay benefits under said policies in accordance with its terms.

32. The central questions of fact and law in this case are common to the class and the relief sought will apply uniformly to the class depending on how those common questions are answered.

33. Among the common questions of law and fact is whether defendants, or any one of them, breached the Plan B8 policy.

### D. Typicality – FRCP 23(a)(3)

34. The claims asserted by Plaintiff are typical of the claims of the Class because the Plan B8 policy was issued to his spouse, he experienced a covered event, and he was denied coverage because the policy was not issued to him.

### E. Fair and Adequate Representation – FRCP 23(a)(4)

35. Plaintiff will fairly and adequately protect the interests of the class because pursuit and proof of his claim will be the same as pursuing and proving the claims of the class members.

36. Plaintiff's interests are in harmony with, not adverse to, the interests of the class.

37. Plaintiff intends to pursue this litigation vigorously, and has selected the undersigned counsel who are each knowledgeable and experienced in insurance matters, class actions, and complex civil litigation, and who have served as class counsel in other insurance class actions.

### F. Class Certification is Appropriate Under Rule 23(b)(3)

38. Class certification is appropriate under Rule 23(b)(3) because the common questions of law and fact, including the interpretation and administration of the Plan B8 policies as discussed herein, predominate over individual questions.

39. Further, a class action is a superior vehicle for fairly and efficiently adjudicating the controversy.

40. (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

41. A class action is superior because the size and expense of litigating individual claims would preclude most, if not all, class members from pursuing such actions individually.

42. Without a class action, class members will continue to suffer damages resulting from defendants' breaches of the Plan B8 policies.

43. A centralized venue for pursing this claim will permit orderly and expeditious administration of the case, promote economies of time, effort and expense, and allow uniformity of decisions.

44. When liability has been adjudicated, claims of the class can be administered efficiently through this action.

45. Finally, this action presents no difficulties that would impede its management by the Court as a class action. .

### G. Class Certification is Appropriate Under Rule 23(b)(2)

46. This action is appropriate as a class action pursuant to Rule 23(b)(2) in that defendants have acted or refused to act on grounds that apply generally to the class, specifically

by denying coverage under the Plan B8 policies, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

47. The denial of coverage under the Plan B8 policies by defendants or any one of them, if not enjoined, will subject the class to continuing and future harm and will cause irreparable injuries to the class members who are denied benefits for which premiums are paid.

## COUNT I – BREACH OF CONTRACT

48. Plaintiff incorporates by reference the allegations set forth in the prior paragraphs of this complaint as though fully stated herein.

49. One or more of defendants issued Plan B8 polies to the spouse of plaintiff and each class member.

50. Plaintiff and each class member is an insured under the Plan B8 policies.

51. At all relevant times, Plaintiff and Members of the Class have paid all premiums and charges due under the policies as established at the inception of the policies, and they have performed all obligations and conditions under the policies.

52. Defendants owed duties and obligations to Plaintiff and Members of the Class under the Plan B8, including the duty to properly administer and pay benefits owing under the policy.

53. Defendants materially breached the terms and provisions of the policy by denying coverage solely on account of defendants, or any one of them, asserting that the Plan B8 does not extend to the spouse of the individual named on the Certificate of Insurance.

54. As a direct and proximate result of defendants' conduct, Plaintiff and the Class Members have been damaged in an amount to be determined.

WHEREFORE, Plaintiff demands relief in accordance with the "Prayer for Relief" set forth below, which is incorporated herein by this reference.

## COUNT II – DECLARATORY RELIEF

55. Plaintiff incorporates by reference the allegations set forth in the prior paragraphs of this complaint as though fully stated herein.

56. An actual controversy has arisen and now exists between Plaintiff and Members of the Class and Defendants. Defendant United maintains that the Plan B8 coverage does not extend to the spouse of the individual named on the Certificate of Insurance. Plaintiff on behalf of himself and Members of the Class maintain that the plain and unambiguous language of the policy extends coverage the spouse of the individual named on the Certificate of Insurance or, in the alternative, that the policy is ambiguous and must therefore be construed against the insurer as a matter of law.

57. Plaintiff and Members of the Class must decide whether to pay premiums imposed by the policy.

58. Under these circumstances, the Plaintiff and Members of the Class desire a declaration of their rights under the policies, and Plaintiff requests that the Court declare that the Plan B8 covers the spouse of the individual named on the Certificate of Insurance.

WHEREFORE, Plaintiff demands relief in accordance with the "Prayer for Relief" set forth below, which is incorporated herein by this reference.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request that this Court:

I. Certify the Class as defined in this Complaint;

II. Order Defendants to notify each and every Member of the Class of the pendency of the claims in this action in order to give such persons an opportunity to seek relief;

III. Enjoin Defendants from engaging in conduct that violates the Plan B8 policy;

IV. Enter a judgment in favor of Plaintiff and the Class on Count I;

V. Declare the Plaintiff's and Class' Rights under the Plan B8 policy;

VI. Award compensatory damages to Plaintiffs and the Class;

VII. Award Plaintiff and the Class actual damages under applicable law;

VIII. Award Plaintiffs and the Class a refund of all moneys acquired by means of their unlawful conduct;

IX. Create a common fund comprised of all damages to Class Members;

X. Award Class counsel attorneys' fees pursuant to applicable law and the Common Fund Doctrine;

XI. Award Plaintiff and the Class interest as prescribed by law;

XII. Award Plaintiff and the Class the costs of this suit; and

XIII. Award Plaintiffs and the Class such other relief as this Court may deem to be just, proper, and equitable.

## DESIGNATED PLACE OF TRIAL

Plaintiff, by and through counsel, hereby designate the United States District Court for the District of Kansas at Topeka as the place of trial.

Dated:

Respectfully submitted,

The Popham Law Firm, P.C.


By  /s/   Wm. Dirk Vandever
Wm. Dirk Vandever (#77931)
Mark Schloegel (#26349)
712 Broadway, Ste. 100
Kansas City, MO  64105
O:  816-221-2288
F:  816-221-3999
dvandever@pophamlaw.com
Schloegel@gmail.com

ATTORNEYS FOR PLAINTIFF